UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT COX,

                Petitioner,                                Civil No. 09-825-HA

        v.                                         ORDER

J.E. THOMAS,
Warden, FCI-Sheridan,

                Respondent.

_____

HAGGERTY, District Judge:

      Petitioner has filed for a Petition for Writ of Habeas Corpus [1].  He invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4).  Petitioner is a federal prisoner incarcerated by the Bureau of Prisons (BOP) at the Federal Correctional Institution in Sheridan, Oregon (FCI-Sheridan).  Petitioner alleges that the BOP acted arbitrarily and capriciously after BOP staff at the FCI diagnosed him with a drug abuse problem and admitted him into a non-residential drug abuse program, but denied him admission into the BOP's Residential Drug and Alcohol Treatment Program (RDAP).  Petitioner argues that this was an abuse of discretion by the BOP, and requests that the BOP be ordered to place him in RDAP immediately.

1 - ORDER

Respondent moves to dismiss the petition solely on grounds that individual determinations related to RDAP, based on 18 U.S.C. § 3621, are not subject to judicial review and should be dismissed for lack of jurisdiction.  Respondent asserts no other challenges to the petition.

## ANALYSIS

As an incentive for a prisoner to participate in substance abuse treatment while in custody, Congress has provided that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve."  18 U.S.C. § 3621(e)(2)(B).  "This discretionary language grants the BOP broad discretion to grant or deny the one-year reduction."  *McLean v. Crabtree*, 173 F.3d 1176, 1182 (9th Cir. 1999).

Respondent provides citations to decisions from other districts that address whether some discretion afforded to the BOP in administering RDAP should be subject to judicial review under the Administrative Procedures Act (APA).  It is true that certain aspects of the APA have been declared inapplicable to Subsection C of 18 U.S.C. § 3625.  Subsection C addresses the "place of imprisonment" and authorizes the BOP to designate locations for incarceration based on factors including the nature and circumstances of the prisoner's offenses.  Such duties are administered through internal agency guidelines, referred to as Program Statements, that are entitled to some deference.  *Reno v. Koray*, 515 U.S. 50, 61 (1995) (citations omitted).

However, as has been already addressed thoroughly and repeatedly in other rulings, claims of constitutional violations, abuses of discretion, agency actions contrary to law, and

2 - ORDER

agency actions exceeding the scope of its authority are not precluded from judicial review.  *See, e.g., Enigwe v. Bureau of Prisons*, Civil Action No. 06-457 (RMC), 2006 WL 3791379, at *2 (D.D.C. December 22, 2006).  Counsel for respondent ignores more recent rulings – from the Ninth Circuit and the District of Oregon – that acknowledge that although the BOP enjoys broad discretion in administering the sentence reduction program created by 18 U.S.C. § 3621, the exercise of such discretion must be reasonable.  *See generally*, *Crickon v. Daniels*, 579 F.3d 978 988 (9th Cir. 2009) ("Although the BOP is afforded wide discretion in promulgating regulations governing the administration of 18 U.S.C. § 3621(e), it must comply with its obligation under the APA to articulate its rationale for exercising such discretion"); *Arrington v. Daniels*, 516 F.3d 1106, 1114-16 (9th Cir. 2008) (noting BOP's broad discretion to promulgate exclusions from RDAP so long as it complies with the APA); *see also Sacora v. Thomas*, 648 F. Supp. 2d 1218, 1221 (D. Or. 2009); *Salvador-Orta v. Daniels*, 531 F. Supp. 2d 1249, 1252-53 (D. Or. 2008). These decisions are consistent with *Bowen v. Hood*, in which the Ninth Circuit held that the BOP's discretion in administering the sentence reduction program created by 18 U.S.C. § 3621 must be reasonable.  202 F.3d 1211 (9th Cir. 2000) (internal quotation and citations omitted).

These rulings recognize that a petitioner may be entitled to receive relief under 28 U.S.C. § 2241 if the petitioner shows that his or her custody is in violation of federal law.  *See* 28 U.S.C. § 2241(c)(3).  Accordingly, the assertion that 18 U.S.C. § 3625 precludes review of petitioner's challenge regarding his admissibility into RDAP must once again be rejected.  Judicial review is available to determine whether the BOP exercised its discretion to administer RDAP properly. Petitioner's claim is fairly construed as asserting that the BOP was arbitrary and capricious in its actions regarding his participation in the program created by 18 U.S.C. § 3621.

3 - ORDER

Under applicable portions of the APA, agency actions, findings and conclusions will be struck if they are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(a); *see also Pac. Coast Fed'n of Fishermen's Ass'ns. v. U.S. Bureau of Reclamation*, 426 F.3d 1082, 1090 (9th Cir. 2005). The scope of review is narrow, but the agency is required to articulate a rational connection between the facts found and the conclusions reached. *Midwater Trawlers Co-operative v. Dept. of Commerce*, 282 F.3d 710, 716 (9th Cir. 2002). Actions based on internal agency guidelines are entitled to some deference, but are not entitled to the degree of deference given to published agency regulations. *Barq v. Daniels*, 428 F. Supp. 2d 1147, 1149 (D. Or. 2006) (citing *Grassi v. Hood*, 251 F.3d 1218, 1220 (9th Cir. 2001).

Counsel for respondent is reminded that this jurisdictional argument has been resolved thoroughly in previous decisions. Future responsive pleadings in RDAP litigation before this court that rely exclusively upon this meritless jurisdictional challenge will be construed as a full waiver of other challenges to the merits of the underlying petition by a prisoner.

Petitioner contends that respondent's Drug Abuse Treatment Specialist diagnosed petitioner with Amphetamine Dependence and Alcohol Abuse, but nevertheless deprived him of admission into RDAP. Petitioner argues this action is capricious, arbitrary, and abuse of discretion.

Respondent's attempt to dismiss this action due to a lack of jurisdiction is without merit. However, the court is compelled to conclude that the BOP's decision regarding petitioner's eligibility for admission into RDAP was not an abuse of discretion. The available record in this action contains administrative appeal documentation that establishes that petitioner was

4 - ORDER

evaluated, and also received a clinical interview regarding RDAP eligibility on August 1, 2008.

The DAP Coordinator found that petitioner was unqualified for RDAP on grounds that he had

not used methamphetamine for almost ten years prior to incarceration, and had reported no other

substance abuse history.  Petitioner disagrees with the assessment regarding his diagnoses and

his eligibility for admission into RDAP.  Nevertheless, the decisions and actions undertaken by

the BOP are entitled to some deference.  As recognized by the Ninth Circuit of United States

Court of Appeals, the BOP's assessments for RDAP admissibility are undertaken in a reasonable

manner:

> To ensure that inmates receive crucial treatment for their addictions, Congress
> provided an incentive for individuals to subject themselves to the rigors of an
> intensive residential treatment program.  But the Bureau is properly concerned
> with enrolling inmates who genuinely qualify for the therapy and its attending
> incentive to successfully complete the RDAP.  Prisoners who are not currently
> suffering from a clinically diagnosed drug dependency or a recognized substance
> abuse problem under the DSM-IV [the American Psychiatric Association's
> Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition Text
> Revision (2000)] protocols should not be permitted to take the place of another
> who is in greater need of this intensive treatment.  The Bureau's rationale for
> confirming a diagnosis of drug abuse or dependence is clear.

*Mora-Morez v. Thomas*, No. 09-35413, 2010 WL 1462379, at *2 (9th Cir. April 14,

2010).

Although the efforts by counsel for respondent to dismiss this petition on jurisdictional

grounds were poorly taken, after scrutinizing the facts presented by petitioner in the light most

favorable to him, his petition warrants no relief.  This court cannot conclude that the BOP's

actions undertaken regarding this petitioner, under the undisputed circumstances presented here,

were arbitrary, capricious, or an abuse of discretion.  Petitioner's eligibility determination is not

shown to be an abuse of the BOP's discretion.

5 - ORDER

**CONCLUSION**

Respondent's Motion to Dismiss [7] is denied.  However, the Petition for Writ of Habeas

Corpus [1] advanced by petitioner Robert Cox is without merit and is also denied.

IT IS SO ORDERED.

DATED this __23__ day of April, 2010.


_____/s/  Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge

6 - ORDER